# SETTLEMENT AND RELEASE AGREEMENT

THIS SETTLEMENT AND RELEASE AGREEMENT (the "**Agreement**") is executed this 15th day of August, 2022 by and between James A. Overcash, not individually, but solely as Chapter 7 Trustee of Pinnacle Regional Hospital, Inc., Blue Valley Surgical Associates, Pinnacle Health Care System, Inc.[1], Rojana Realty Investments, Inc. and Joy's Majestic Paradise, Inc. (the "**Trustee**") and In2itive, LLC (the "**Transferee**"), with reference to the following:

## RECITALS

WHEREAS, on February 12, 2020 (the "**Commencement Date**"), Pinnacle Regional Hospital, Inc. fka Blue Valley Hospital, Inc. (Case No. 20-20219), Blue Valley Surgical Associates, LLC (Case No. 20-20222), Pinnacle Health Care System, Inc. (Case. No. 20-20224), Rojana Realty Investments, Inc. (Case No. 20-20225), and Joy's Majestic Paradise, Inc. (Case No. 20-20227) (collectively, the "**Debtors**")[2] filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Kansas (the "**Bankruptcy Court**"); and

WHEREAS, on July 22, 2020, the Bankruptcy Court entered its Order Granting Trustee's Motion to Convert Jointly-Administered Bankruptcy Cases to Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. 1112; and

WHEREAS, on July 8, 2020, Transferee filed proofs of claim against several of the Debtors as Claim Nos. 18 and 60 and against the Separate Debtor as Claim No. 28 (collectively, the "**Proof of Claim**"); and

WHEREAS, on July 31, 2020, the Debtors' bankruptcy cases converted to cases under Chapter 7 of the Bankruptcy Code; and

WHEREAS, on February 11, 2022 the Trustee filed a Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 502, 547, 548 and 550 (the "**Complaint**") and commenced an adversary proceeding against the Transferee in the Bankruptcy Court captioned *James A. Overcash, not individually, but solely as Chapter 7 Trustee v. In2itive, LLC*, Adv. No. 22-06009 (the "**Action**"); and

WHEREAS, in the Complaint, the Trustee asserts several causes of action against the Transferee including, but not limited to, actions under §§ 547, 548, and 550 of the Bankruptcy Code to avoid and recover $311,443.32 (the "**Transfers**") the Trustee alleges the Debtors transferred to the Transferee during the ninety (90) days prior to the Commencement Date; and

---

[1] Pinnacle Health Care System, Inc.'s bankruptcy case was dismissed on June 15, 2022 pursuant to the Order Granting Trustee's Motion to Dismiss (the "Dismissal Order") (ECF No. 777). The Dismissal Order states that pursuant to "11 U.S.C. § 349(b), the Trustee may continue to pursue any and all pending adversary proceedings and this Order shall have no impact on the prosecution of such claims."

[2] Pinnacle Regional Hospital, LLC (Case No. 20-20221) (the "Separate Debtor") also filed for bankruptcy on the Commencement Date. Larry A. Pittman II was appointed as Chapter 7 Trustee of the Separate Debtor on December 8, 2020.

WHEREAS, the Transferee denies liability to the Debtors for the Transfers and generally the allegations in the Action; and

WHEREAS, to resolve all claims between the Trustee and the Transferee, including but not limited to those arising under or related to the Complaint, the Action and/or the Transfers, the Trustee and the Transferee have reached the agreement set forth herein.

NOW THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows.

1. **Conditions to Effectiveness and Approval Under Fed. R. Bankr. P. 9019.** Notwithstanding anything to the contrary herein, this Agreement is expressly subject to and contingent upon approval by the Bankruptcy Court. If this Agreement, or any portion hereof, is not approved by the Bankruptcy Court, or if it is overturned or modified on appeal, this Agreement shall be null and void and have no further force and effect and, in such event, neither this Agreement nor any negotiations and writings in connection herewith shall in any way be construed as or deemed to be evidence of or an admission on behalf of any party hereto regarding any claim or right that such party may have against any other party hereto in any existing or subsequent proceeding or otherwise. The Effective Date ("**Effective Date**") of this Agreement shall be after completion of all of the following events:

> (i) The parties have signed this Agreement;
>
> (ii) Notice of this Agreement and its terms have been provided in the Main Case to all creditors and parties in interest;
>
> (iii) The Bankruptcy Court has approved this Agreement pursuant to Federal Rule of Bankruptcy Procedure ("**Rule**" or "**Rules**") 9019; and
>
> (iv) The Bankruptcy Court's order approving this Agreement has become final and non-appealable under the Rules.

The parties shall work together and execute any necessary documents or pleadings to obtain Bankruptcy Court approval. This Agreement is being entered into solely as a settlement of claims, and does not represent an admission by the parties hereto of any liability with respect to the claims and/or defenses asserted or that could have been asserted, and it may not be used by any party in any proceeding for any purpose other than for enforceability in the Bankruptcy Court. The Motion and Order approving this Agreement shall be acceptable to the parties, each in their reasonable discretion, provided, that any order approving this Agreement must state the following:

> (i) "Notwithstanding any conversion or appointment of any other trustee, examiner or receiver under any chapter of the Bankruptcy Code or any other law, this Order and the Agreement remains enforceable and binds such parties. All such provisions and terms of the Agreement shall not be subject to rejection or avoidance. Upon the Effective Date of the Agreement: (i) nothing contained in any other order of this Court in the Main Case or this Adversary, shall conflict with or derogate from the provisions of the Agreement or the terms of this Order; and (ii) in the event of

2

any conflict of the terms of this Order and the Agreement and any other order of the Court, this Order and Agreement shall control. Further as some of the bankruptcy cases of the Debtor are dismissed, this Order and the Agreement shall survive such dismissal pursuant 11 U.S.C. § 349 and the Bankruptcy Court has jurisdiction to enter this order and retains jurisdiction over this Order after its entry."

2. **Payment.** Subject to occurrence of the Effective Date, but no later than 5 P.M. prevailing central time ten (10) business days following the Effective Date (the "**Payment Deadline**"), the Transferee shall remit to the Trustee by certified funds or wire transfer the amount of $2,000.00 (the "**Settlement Amount**") in full and final satisfaction of any liability the Transferee may have arising out of or related to the causes of action set forth or that could have been set forth in the Complaint. Upon signing, the Trustee shall provide to Transferee wire instructions for payment of the Settlement Amount and a signed W-9 tax form. The Settlement Amount shall be wired to the Trustee pursuant to the wire instructions provided.

3. **Release of Transferee.** Conditioned upon occurrence of the Effective Date and the timely receipt by the Trustee of the Settlement Amount on or before the Payment Deadline such that the Settlement Amount has cleared the Trustee's bank account, the Trustee, the Debtors, and their respective bankruptcy estates, beneficiaries, shareholders, officers, directors, employees, agents, attorneys, affiliates, heirs, representatives, assigns, insurers, and others acting on their behalf (the "**Trustee Parties**") release, waive, acquit, and forever discharge the Transferee and its shareholders, officers, directors, employees, agents, attorneys, affiliates, subsidiaries, heirs, representatives, assigns, and others acting on their behalf (the "**Transferee Parties**") from any and all causes of action, suits, controversies, claims, or demands whatsoever, which the Trustee Parties had, have, or may have against the Transferee Parties, arising out of or related to the Complaint, the Action and/or the Transfers, including but not limited to any claims under §§ 544-550 of the Bankruptcy Code, provided that the releases in this Agreement shall not release the parties' rights and obligations under this Agreement or waive or release the Proof of Claim. Subject to occurrence of the Effective Date and timely receipt of the Settlement Amount on or before the Payment Deadline, the Trustee Parties covenant not to sue the Transferee Parties for any claims released by the Trustee Parties hereunder. As a material part of this Agreement upon which the Transferee Parties rely upon for entering into this Agreement, the Trustee Parties represent and warrant to the Transferee Parties that: (i) they have not sold, pledged, transferred, alienated, hypothecated, liened or assigned any claims released under this Agreement by the Trustee Parties; and (ii) no person or entity other than the Trustee Parties has been, is or will be authorized to bring, pursue or enforce the claims released hereunder by the Trustee Parties on behalf of, for the benefit of, or in the name of (whether directly or derivatively) the Trustee Parties.

4. **Release of Trustee.** When the Release of Transferee in <u>Section 3</u> of this Agreement is effective, the Transferee Parties release the Trustee Parties from all causes of action, suits, controversies, claims, or demands whatsoever, which the Transferee Parties had, have, or may have against the Trustee Parties, arising out of or related to the Complaint, the Action and/or the Transfers, provided that the releases in this Agreement shall not release the parties' rights and obligations under this Agreement or waive or release the Proof of Claim. Subject to occurrence of the Effective Date and timely receipt of the Settlement Amount on or before the Payment Deadline, the Transferee Parties covenant not to sue the Trustee Parties for any claims released by the

3

Transferee Parties hereunder. As a material part of this Agreement upon which the Trustee Parties rely upon for entering into this Agreement, the Transferee Parties represent and warrant to the Trustee Parties that: (i) they have not sold, pledged, transferred, alienated, hypothecated, liened or assigned any claims released under this Agreement by the Transferee Parties; and (ii) no person or entity other than the Transferee Parties has been, is or will be authorized to bring, pursue or enforce the claims released hereunder by the Transferee Parties on behalf of, for the benefit of, or in the name of (whether directly or derivatively) the Transferee Parties.

5. **Dismissal with Prejudice**. Upon occurrence of the Effective Date and after timely receipt of the Settlement Amount, the Trustee shall dismiss within five (5) business days the Complaint and the Action with prejudice with each side to bear its own costs, fees, and expenses.

6. **Advice of Counsel.** The Trustee and the Transferee each hereby represent and warrant that: (a) execution of this Agreement is freely and voluntarily made after they have had the opportunity to seek advice of counsel engaged by them to review this Agreement and after they have reviewed this Agreement; and (b) they are not acting under coercion, duress, or any misapprehension as to the effect of this Agreement.

7. **Authority.** Subject to occurrence of the Effective Date, by executing this Agreement, the undersigned each represent and warrant to the other signatories and parties that: (a) they are duly authorized and empowered to execute and deliver this Agreement on behalf of each party on whose behalf they are signing; and (b) this Agreement constitutes the legal, valid and binding obligation of such party, enforceable against such party in accordance with its terms.

8. **Recitals.** The Trustee and the Transferee each acknowledge and agree that the Recitals to this Agreement are true and correct to the best of their knowledge and are incorporated herein by this reference.

9. **Multiple Counterparts.** This Agreement may be executed in multiple counterpart originals, each of which shall constitute one and the same document and shall be deemed an original.

10. **Facsimile Execution.** This Agreement may be executed by facsimile signatures or electronic copy of each signature thereto shall be deemed to have the same force and effect as an original signature.

11. **Final Expression.** This Agreement represents a final expression of the understandings between the parties hereto and this Agreement may not be contradicted by evidence of any prior oral agreement or of a contemporaneous oral agreement or understanding between the parties hereto.

12. **No Amendments.** No amendments to this Agreement shall be effective unless such amendment is in writing and signed by all parties hereto.

13. **Severability.** Whenever possible, each provision of this Agreement will be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Agreement is held to be prohibited by or invalid under applicable law, such provision will be ineffective only to the extent of such prohibition or invalidity, without invalidating the remainder

of such provision or the remaining provisions of this Agreement.

14. **Successors and Assigns.** This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective successors and assigns.

15. **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Kansas, without regard to its choice of law rules.

16. **Headings.** The headings used in this Agreement are for convenience of reference only and do not constitute a part of this Agreement and shall not be deemed to limit, characterize or in any way affect any provision of this Agreement, and all provisions of this Agreement shall be enforced and construed as if no caption had been used in this Agreement.

17. **JURY WAIVER.** THE TRUSTEE AND THE TRANSFEREE EACH HEREBY IRREVOCABLY: a) WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING BROUGHT BY ANY PARTY IN CONNECTION WITH THIS AGREEMENT; b) MAKE THIS WAIVER KNOWINGLY, INTENTIONALLY, AND VOLUNTARILY; c) ACKNOWLEDGE NO RELIANCE UPON ANY ORAL OR WRITTEN STATEMENTS MADE BY ANY PARTY TO THIS AGREEMENT, OTHER THAN THOSE STATEMENTS EXPRESSLY CONTAINED HEREIN, EITHER TO INDUCE THIS WAIVER OF TRIAL BY JURY OR TO MODIFY OR NULLIFY ITS EFFECT; d) ACKNOWLEDGE READING AND UNDERSTANDING THE MEANING AND RAMIFICATIONS OF THIS WAIVER PROVISION; AND e) AGREE TO TAKE ALL SUCH ACTIONS AS MAY BE REQUIRED BY APPLICABLE LAW TO ALLOW THIS WAIVER TO BE ENFORCEABLE.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth above.

**TRUSTEE:**

James A. Overcash, not individually, but solely as Chapter 7 Trustee

By: _____

**TRANSFEREE:**

**IN2ITIVE, LLC**

By: _____
Name: _____
Title: _____

5

ACTIVE\106604\71964\2\138892\2\3
Case 22-06009    Doc# 24-1    Filed 09/12/22    Page 5 of 5